UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **CLIFTON BELTON, JR., ET AL.** | **CIVIL ACTION** |
| **VERSUS** | |
| **SHERIFF SID GAUTREAUX, IN HIS OFFICIAL CAPACITY AS SHERIFF OF EAST BATON ROUGE, ET AL.** | **NO. 20-00278-BAJ-SDJ** |

## RULING AND ORDER

Before the Court is Plaintiffs' Motion For Reconsideration (Doc. 122), requesting the Court to vacate or amend its February 4, 2021 Judgment dismissing Plaintiffs' action with prejudice. Defendants oppose Plaintiffs' Motion. (Docs. 123, 124).

Federal Rule of Civil Procedure ("Rule") 59(e) provides that a party may file "[a] motion to alter or amend a judgment [within] 28 days after the entry of the judgment." The U.S. Court of Appeals for the Fifth Circuit has explained Rule 59(e)'s purpose and proper application as follows:

> A Rule 59(e) motion calls into question the correctness of a judgment. This Court has held that such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. Rather, Rule 59(e) serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence. Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.

*Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004) (quotation marks, citations, and alterations omitted).

The Court granted Defendants' Motions To Dismiss, and dismissed Plaintiffs'

putative class action with prejudice because Plaintiffs' Amended Complaint confirms that Defendants have implemented multiple measures intended to safeguard prisoners against the ongoing COVID-19 pandemic. In sum, the Court concluded that Plaintiffs' own allegations establish that Defendants have responded "reasonably" to the virus—as that term is defined under existing law—albeit not to Plaintiffs' satisfaction. In turn, the Court concluded that Plaintiffs cannot establish deliberate indifference—as required to sustain their Eighth Amendment claims—or its "functional equivalent"—as required to succeed in their Fourteenth Amendment claims.

Plaintiffs attack these rulings on various grounds—legal and factual—but fail to raise any arguments that could not have been raised prior to entry of judgment. Thus, while Plaintiffs' arguments may be well-suited for appeal, they are not a basis for amending the Court's February 4 Judgment. *Templet*, 367 F.3d at 478–79.

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion For Reconsideration (Doc. 122) is **DENIED.**

Baton Rouge, Louisiana, this 7th day of April, 2021

**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**